IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUANA RAMIREZ, Individually and on Behalf
of All Other Persons Similarly Situated,
8228 Jepson Place
Alexandria, Virginia 22309

      Plaintiff,

v.

TOPLITE BUILDING SERVICES, INC.
7916 Cryden Way
Forestville, Maryland 20747

And

LASCELLES A. SAMUELS
7916 Cryden Way
Forestville, Maryland 20747

      Defendants

Civil Action No.:

## COLLECTIVE ACTION COMPLAINT

### Introduction

1. Defendants Topflite Building Services, Inc. ("TBS") and its primary owner and controlling officer, Lascelles Samuels ("Samuels") (together, "Defendants") have, since at least April 9, 2010, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA") and the Maryland Wage and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), by failing to pay Plaintiff Juana Ramirez ("Plaintiff"), and all other persons employed by it as facility cleaners, at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

2. This action is brought as a collective action pursuant to the collective action provisions of the FLSA and DCMWA, on behalf of Plaintiff and all other persons who are or have been employed by Defendants as facility cleaners between the dates of April 9, 2010 and the date of final disposition of this action (the "Class Period").

3. Plaintiff and all similarly situated facility cleaners are hereinafter referred to collectively as "the Class."

4. The Class is similarly situated because they all perform the same basic duties, responsibilities and activities, and are all subject to Defendants' common policy and practice of failing to pay their facility cleaning employees one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

7. Plaintiff is an adult resident of the Commonwealth of Virginia.

8. At all times relevant to this action, Defendants have continuously operated an office, as a headquarters for their business operations in the State of Maryland.

9. A substantial majority of the work duties and events and omissions giving rise to Plaintiffs' claims and the claims of the Class occurred in the District of Columbia.

10. Defendants are engaged in interstate commerce and are each an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)). At all times relevant, Plaintiffs, and all others similarly situated, were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§206-207.

## CAUSE OF ACTION

## A COMMON AND CLASS WIDE VIOLATION OF THE FLSA AND DCMWA OVERTIME PROVISIONS

11. Plaintiff hereby incorporates by reference all allegations set forth in all proceeding paragraphs.

12. From about January 2006 through about March 29, 2013, Defendants employed Plaintiff as a facility cleaning employee.

13. During the Class Period, Defendant has been engaged in the business of providing facility cleaning services in the District of Columbia and in the surrounding states.

14. During the Class Period, Samuels was the primary owner of TBS, the controlling officer of TBS, was responsible for the day-to-day operations of TBS, and was individually responsible for making all decisions related to the compensation for Plaintiff and other similarly situated individuals.

15. At all times, both Defendants were Plaintiff's employer as the term is defined by the DCMWA.

16. At all times, both Defendants were Plaintiff's employer as that term is defined by the FLSA.

17. During the Class Period, Plaintiff was paid on an hourly basis.

18. During the Class Period, Plaintiff's hours varied from workweek to workweek.

19. During the Class Period, Plaintiff worked more than forty hours in multiple workweeks.

20. During the Class Period, Plaintiff was not paid overtime wages at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty during each

workweek, as required by the FLSA and the DCMWA and Plaintiff has suffered damages as a consequence.

21. During the Class Period, Plaintiff was not exempt from the overtime provisions of the FLSA or the DCMWA.

22. During the Class Period, Defendants were aware that Plaintiff worked more than forty (40) hours per week in many workweeks and that Plaintiff was not exempt from the overtime provisions of the FLSA and DCMWA.

23. By acting as the named Plaintiff in this FLSA and DCMWA collective action, Plaintiff hereby confirms her consent to participate as a Plaintiff in an FLSA and DCMWA collective action.

24. While the exact number of members of the Class is unknown to Plaintiff at the present time, Plaintiff believes that at least thirty (30) similarly situated persons are or have been employed by Defendants as facility cleaning employees since April 9, 2010. Thus, a collective action is the most efficient mechanism for resolution of the claims of the Class.

25. During the Class Period, the duties, responsibilities, and activities of the Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiff.

26. During the Class Period, Defendants were the "employers" of the Class Members as that term is defined under the FLSA and under the DCMWA.

27. During the Class Period, the Class Members were paid on an hourly basis.

28. During the Class Period, the hours worked by the Class Members varied from workweek to workweek.

29. During the Class Period, the Class Members worked more than forty hours in at least one workweek.

30. During the Class Period, the Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA and the DCMWA.

31. During the Class Period, the Class Members were not exempt from the overtime provisions of the FLSA or DCMWA.

32. During the Class Period, Defendants were aware the Class Members worked more than forty (40) hours per week in workweeks and the Class Members were not exempt from the overtime provisions of the FLSA or DCMWA.

33. Plaintiff is currently unaware of the identities of all the members of the Class.

34. Defendants violated the FLSA by failing to pay Plaintiff and the Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

35. Defendants violated the DCMWA by failing to pay Plaintiff and the Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

36. Defendants' violations of the FLSA and DCMWA were willful, repeated, intentional, and not in good faith.

37. Plaintiff and the Class Members have been damaged by said violations of the FLSA and DCMWA

38. Pursuant to the FLSA and DCMWA, Defendants are liable, jointly and severally, to Plaintiff and the Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## Claims for Relief

Wherefore, Plaintiff respectfully requests that the Court:

A. Declare this action to be maintainable as a collective action pursuant to the collective action provisions of the FLSA and DCMWA and direct Defendants to provide Plaintiff with lists of all persons employed by it as facility cleaning employees during the Class Period, including but not limited to the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by Plaintiff and the Class Members as a result of Defendants' violations of the FLSA and DCMWA and award those damages against Defendants, jointly and severally, and in favor of Plaintiff and the Class Members, plus an additional equal amount as liquidated damages pursuant to the FLSA and DCMWA and such interest as may be allowed by law;

C. Award Plaintiff and the Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

D. Grant Plaintiff and the Class Members such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Tel: (301) 587-9373
Fax: (301) 587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*